[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDERS
The motion for protective order is denied pursuant to Practice Book §§ 218, 243. The motion for contempt is denied.
The court, upon reconsideration, orders the plaintiff's attorney disqualified. Rule 3.7(a) of the Rules of Professional Responsibility provides: "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except" in certain enumerated circumstances not applicable here. See also Rule 1.16 of the Rules of Professional Responsibility. Nothing is more certain in this case than that the plaintiff's attorney will be a principle, material witness at trial. In such circumstances "the proper action is for the attorney to withdraw from the case." State v. Webb, 238 Conn. 389, 417, 680 A.2d 147
(1996). Additionally, the following excerpt from the Official Comment to Rule 3.7 is particularly applicable here: " A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate" witness should be taken as proof or as an analysis of the proof." Moreover, the animus that exists between the plaintiff's attorney, who is a principal in the plaintiff corporation, and the defendant's attorney — who shares responsibility for that animus — has so infected these proceedings that the court's ability to ferret out the issues from counsels' personal attacks on each other and to discern the legal arguments of the parties is hampered.
Incident to the court's order disqualifying the plaintiff's attorney, all proceedings are stayed until October 15, 1997 so that the plaintiff may retain new counsel and so that new counsel may familiarize himself or herself with this matter.
BY THE COURT
LEVIN, JUDGE. CT Page 9355